IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MARINE, | No. C 08-5414 SI |
| Plaintiff, | **ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT** |
| v. | |
| INTERSTATE DISTRIBUTOR CO., | |
| Defendant. | |

On March 27, 2009, the Court heard argument on plaintiff's motion to remand. As set forth below, the Court concludes that removal was improper and GRANTS plaintiff's motion to remand and REMANDS this action to the Alameda County Superior Court where it was filed..

**BACKGROUND**

Plaintiff Martin Marine filed a class action lawsuit in Alameda County Superior Court on November 20, 2007. The complaint alleges that defendant Interstate Distributor violated California law by failing to provide regular meal and rest periods for its truck drivers. In the complaint, Marine claims to represent a putative class defined as "all persons employed by [defendant] in the position of Company Driver in the State of California during the period commencing from November 21, 2003 up until the date of the trial." Compl.¶ 8. The complaint does not specify the number of class members, or define "Company Driver in the State California." Nor does the complaint seek a specific amount of damages.

Defendant removed this case to federal court on January 10, 2008, and Marine filed a motion to remand. Defendant's initial removal was based on diversity jurisdiction under 28 U.S.C. § 1332(a), since defendant is a citizen of Washington state. Defendant did not seek removal at that time under the

Class Action Fairness Act ("CAFA"). *See* Def.'s Opp. to Pl. Mot. to Remand (" Def.'s Opp.") at 2; Decl. of David R. Burtt ("Burtt Decl.") ¶ 2, Ex. 1. Upon learning that Marine's individual claims did not exceed $75,000 in damages, defendant stipulated to remand the case to state court.

On October 15, 2008, *Johnson v. Interstate Distributor Co.*, was filed in state court. Johnson's case is identical to Marine's, except that Johnson's class period begins October 15, 2004, and he seeks to represent the following class: "All individuals who are currently employed, or formerly have been employed, by Defendants as commercial truck drivers and have transported freight within California." Johnson Compl. ¶ 30. Defendant sought to consolidate *Marine* and *Johnson* in state court. Marine opposed consolidation and indicated that, like Johnson, he sought to represent not just drivers who resided in California, but all commercial truck drivers who transported freight within California. Prior to receiving Marine's opposition, defendant had apparently understood Marine's class to include only drivers who were California residents. *See* Def.'s Opp. at 2 ("Plaintiff first revealed his intention to represent not only 'Company Drivers' who resided in the State of California – as was expressly pled in his Complaint at paragraph 9 – but also all 'commercial truck drivers' who ever transported freight within California."). The Alameda County Superior Court denied defendant's motion to consolidate, and *Johnson* was removed to this Court on November 21, 2008. Asserting that Marine's opposition to its motion to consolidate in state court provided notice for the first time that the action was removable under CAFA, defendant removed *Marine* for a second time on December 2, 2008.

On December 23, 2008, Marine again moved to remand the case to state court, and that motion is before the Court. Marine argues that defendant's removal is untimely, that defendant waived its right to remove now due to its prior efforts to remove the case to federal court, and that defendant fails to meet its burden of showing that the federal court has jurisdiction under CAFA. Defendant argues that the second removal is proper because it never previously sought removal under CAFA and did not learn that the case was removable under CAFA until it received Marine's opposition to its motion to consolidate this case with *Johnson* in state court.

While Marine's motion to remand was pending, Johnson also sought to remand his removed case to state court. On March 27, 2009, the Court held a hearing on both motions to remand. At that hearing, the Court expressed its view that *Johnson* was properly removed while *Marine* was not, thus raising the

2

possibility of two cases filed on behalf of overlapping classes being litigated concurrently in state and federal court. After hearing the Court's concerns, the parties agreed to confer and attempt to resolve the issue. Based on those discussions, Marine has filed a sur-reply indicating that Johnson has agreed to file a motion for voluntary dismissal of his case without prejudice while remaining a member of the putative class in the instant *Marine* case.[1]

## LEGAL STANDARD

A defendant may remove any civil action brought in a state court over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Original federal jurisdiction embraces an action founded on federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a), (b). A defendant must remove within thirty days of receiving plaintiff's initial pleading or, where the case is not removable based on the initial pleading, within thirty days of receiving an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b). Federal law expressly provides that a district court shall remand any action in which subject-matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute against removal jurisdiction. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)); *see also Petrie v. Pacific Stock Exch., Inc.*, 982 F. Supp. 1390, 1393 (N.D. Cal. 1997) ("[T]he court must reject federal jurisdiction if there is any doubt as to whether removal was proper."). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Emrich v. Touche-Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ( "[T]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

Under CAFA, "district courts shall have original jurisdiction in any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a

---

[1] The Court issues this order in anticipation of receiving Johnson's motion for voluntary dismissal.

3

class in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA also provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(6). Because CAFA permits federal court jurisdiction where only minimal, rather than complete, diversity exists, "[s]ection 1332(d) thus abandons the complete diversity rule for covered class actions." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006). The Ninth Circuit has explained that CAFA did not disturb the traditional allocation of the burden of establishing removal jurisdiction, holding "that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Id.* at 685; *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Where, as here, the complaint does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683.

**DISCUSSION**

Marine contends that defendant has not established the jurisdictional minimum under CAFA. The Court disagrees. Defendant has established CAFA jurisdiction by conservatively estimating, based on a class of drivers who were California residents, that the collective amount in controversy – for missed meal periods, missed rest periods, failure to provide accurate itemized wage statements, and failure to pay wages upon termination – is at least $15,544,160. Def.'s Notice of Removal ¶¶ 16, 25.

Marine also contends that removal was improper because it occurred more than thirty days after the action was filed, and that defendant waived its right to remove the case to federal court by previously removing the case and then stipulating to a remand to state court. Removal is required within thirty days of receiving plaintiff's initial pleading or, where the case is not removable based on the initial pleading, within thirty days of receiving an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case has *become* removable. 28 U.S.C. § 1446(b) (emphasis added). "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura v. Kaiser*

4

*Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989) (quoting *Hubbard v. Union Oil Co.*, 601 F. Supp. 790, 795 (S.D. W. Va.1985)).

Here, this case was removable under CAFA based on the allegations in the complaint, and thus defendant waived its right to remove under CAFA by failing to assert CAFA jurisdiction in its first removal. Defendant contends that Marine's opposition to consolidation in state court, which it interpreted to expand the prospective class size, is a paper from which it may first be ascertained that removal is proper. *See* Burtt Decl. ¶ 5, Ex. 4 at 2. However, both in the notice of removal and in opposing Marine's motion to remand, defendant calculates CAFA jurisdiction based on its original understanding of the putative class – drivers who were California residents – thereby demonstrating that the case was removable under CAFA from the outset. Defendant contends that it had no duty to conduct an investigation to determine whether the case was removable under CAFA, suggesting that CAFA jurisdiction was not clear from the face of plaintiff's initial complaint. This argument is unavailing because plaintiff's complaint was filed as a class action, and defendant's own papers demonstrate that the requirements for CAFA jurisdiction were satisfied based on defendant's original understanding of the putative class. Defendant cannot remove the case again by asserting new jurisdictional grounds that it failed to assert before; plaintiff's purported class expansion does not give defendant a second bite at the apple. *See Samura*, 715 F. Supp. at 972; *see also Goldberg v. CPC Intern., Inc.*, 495 F. Supp. 233, 236-37 (C.D. Cal. 1980) ("A failure to remove a case when first filed results in a loss of the right to remove later unless it is determined that it was not then removable."). Thus, defendant has waived its right to remove this case under CAFA, and remand to state court is proper.

///

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and REMANDS this case to the Superior Court for the County of Alameda. Docket No. 13. The Court also directs Johnson to file his request for voluntary dismissal no later **April 24, 2009**.

**IT IS SO ORDERED.**

Dated: April 20, 2009

SUSAN ILLSTON
United States District Judge